*157 OPINION.
Sternhagen:
The taxpayer having deducted the actual cost of the right to produce the plays in question and the expense of their preparation for public performance, contends now that he is entitled to set up a basis, uncertain in amount, for obsolescence of the right to produce the plays. He frankly concedes that his theory is similar to the deduction for depletion allowed by the Eevenue Act, section 234(a) (9) in the case of mines, oil and gas wells discovered by the taxpayer. He contends that because of the disproportion between original cost and the value which emerges from a successful play shortly after its first performance, it is unfair to tax all the proceeds of the production as income without allowance for the recovery of this value for which his own effort is primarily responsible.
This Board has announced frequently that the deduction for depreciation and obsolescence is for the purpose of enabling the taxpayer to recover his capital outlay before taxing his income, and there is nothing in the present situation which justifies an exception. If, as the taxpayer contends, Congress would have granted such a deduction if its attention had been called to the situation, just as it granted the deduction for depletion based upon discovery value, the legislative omission is one which we are not authorized to supply. The difficulty of applying such a theory as the taxpayer urges is apparent from the fact that the taxpayer himself has presented no value to be used as the basis, and counsel frankly concedes that he is quite uncertain as to how such value should be arrived at.